UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ROBERT DRAKE EWBANK,    Case No. 6:17-cv-00187-MK

          Plaintiff,    **OPINION AND ORDER**

vs.

JEFF W. EMRICK *et al.*,

          Defendants.

**KASUBHAI,** United States Magistrate Judge:

Plaintiff R. Drake Ewbank ("Plaintiff") filed this action against Defendants Jeff Emrick, Nicole Corbin, Robert Lee, Pamela Martin, Lynn Saxton, Darcy Strahan, the State of Oregon, the Oregon Health Authority, and the Oregon Health Authority Services Division as the Oregon Addictions and Mental Health Division (collectively, "Defendants") in 2017, alleging several

claims including violations of the Americans with Disabilities Act ("ADA"). Before the Court is Defendants' motion for summary judgment (ECF No. 153). Plaintiff filed a response (ECF No. 175) that also contains a motion for summary judgment on all of Plaintiff's federal claims, a motion (ECF No. 167) apparently chastising the Court's pro bono program for not providing Plaintiff adequate representation, and a motion to stay the case (ECF No. 179) pending Plaintiff's retention of counsel. For the reasons below, Defendants' motion is granted in part and denied in part. Plaintiff's motions are denied.

## PROCEDURAL BACKGROUND

Plaintiff filed this action in 2017 alleging a number of claims including discrimination under Title II of the Americans with Disabilities Act ("ADA"). After numerous revisions, this Court dismissed all of Plaintiff's claims with prejudice. ECF No. 84. The Ninth Circuit reversed, finding that Plaintiff could amend his complaint to state a claim under the ADA. Plaintiff did not appeal, and the Ninth Circuit did not disturb, the dismissal of Plaintiff's non-ADA claims with prejudice. ECF No. 91. In a Seventh Amended Complaint (SAC), Plaintiff re-plead his ADA claims, as well as additional claims which had been dismissed with prejudice, on February 1, 2022. ECF No. 116. Defendants filed their motion for summary judgment on May 19, 2023.

## BACKGROUND

In 2015, Plaintiff was made co-chair of the Addictions and Mental Health Planning and Advisory Council ("AMHPAC") Housing/Olmstead Subcommittee. A longtime advocate within the consumer, survivor, and ex-patient ("C/S/X") movement, which advocates for the elevation and inclusion of consumers and survivors of psychiatric (mis)treatment in mental health research, policy, and practice, Plaintiff was also a member of the Oregon Mental Health Consumer Advisory Council ("OCAC") since 2013. SAC at ¶ 53. Per statutory definition,

OCAC's membership is entirely comprised of individuals with psychiatric disabilities. *Id.* at ¶ 48. AMHPAC, on the other hand, is required to include a minimum of 20 percent C/S/X or disabled members. *Id.* These volunteer committees are run by Oregon Health Authority ("OHA") and help advise OHA on matters related to the State's treatment of persons with disabilities.

After his appointment as co-chair of the AMHPAC subcommittee, some of Plaintiff's behaviors were quickly flagged by other subcommittee members as rude and disruptive. OHA staff were informed of this issue and attempted to coach Plaintiff on how to be a better co-chair. ECF No. 153 at 4. Despite these efforts, Plaintiff continued to disparage other committee members and OHA staff. Plaintiff was also disruptive during an invited presentation by Cissie Bollinger, and subsequently acknowledged his behavior in emails apologizing for the incident, which Plaintiff attributed to a "common misunderstanding." *Id.* at 5. Plaintiff's behavior attracted attention outside OHA, and AMHPAC subcommittee member Julie Britton raised concerns to Defendants in an email threatening to stop attending subcommittee meetings. *Id.* at 5-6. Subcommittee member Kathleen Nunley also threated to leave the committee if Plaintiff's behavior was not addressed. *Id.* at 6.

OHA staff, including Rick Wilcox, Darcy Strahan, and Jackie Fabrick, conferred to determine an appropriate remedy for the situation. On June 1, 2015, a meeting was held with Plaintiff to address issues raised by other committee members and concerned stakeholders. Following the meeting, Plaintiff voluntarily resigned as co-chair. In an email sent the following day, however, Plaintiff continued to disparage OHA staff. Defendants decided to remove Plaintiff from the committees.

When Plaintiff applied to rejoin OCAC, Defendants exercised OHA's statutory discretion to deny Plaintiff's applications. Plaintiff was informed of the decision not to place him back on

Page 3 — OPINION AND ORDER

OCAC on November 6, 2015. *Id*. ¶¶ 7-8, Ex. 2. Plaintiff responded that he believed this decision was based on the "lack of a reasonable accommodation and/or denied participation on other impermissible premises -- unrelated to any objective criteria or unfortunately, unrelated to any objective OHA inquiry -- which was requested by numerous named and unnamed employees who were aware of the situations involved." *Id*. Plaintiff was denied reentry to the committees, and this action followed.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

**DISCUSSION**

Defendants argue that they are each entitled to summary judgment on Plaintiff's claims under Title II of the ADA; Plaintiff's retaliation claim; and Plaintiff's § 1983 claims. Plaintiff's response also states, without argument, that he is entitled to summary judgment on his claims. ECF No. 175 at 31. For the reasons below, Defendants' motion is granted in part and denied in part. Plaintiff's motion is denied.

**I.      Title II Claim**

Defendants argue that they are entitled to summary judgment on Plaintiff's claim under Title II of the ADA. Title II of the ADA (42 U.SC. § 12101 et seq.) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of Title II of the ADA, a plaintiff must show that (1)[ ]he is a qualified individual with a disability; (2)[ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (citing *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997)). Defendants argue that Plaintiff's Title II claim fails because (1) Defendants did not fail to accommodate Plaintiff's disability, and (2) Defendants' actions were not by reason of Plaintiff's disability.

**A. Failure to Accommodate Plaintiff's Disability**

Plaintiff argues that Defendants failed to provide reasonable accommodation for his disability, in violation of the ADA. Specifically, Plaintiff's SAC alleges that Defendants were "put on notice of the need for accommodation and of rights being violated" via a letter from Bob

Joondeph, longtime Executive Director of Disability Rights Oregon, dated July 8, 2015. SAC at ¶ 185, citing ECF No. 116-8. In that letter, Mr. Joondeph makes a general statement of the obligation to provide reasonable accommodations under the ADA but does not indicate (1) that Plaintiff suffers from a disability; or (2) what would constitute a reasonable accommodation for that disability. *See id.* Similarly, in Plaintiff's letter opposing the denial of his application to rejoin OCAC, he complains of a lack of reasonable accommodation but does not indicate either that he suffers from a disability or offer any indication of what would constitute a reasonable accommodation. On this record, the Court cannot conclude that Plaintiff was denied a reasonable accommodation for his alleged disability.

### B. Defendants' Actions

While Plaintiff has provided evidence that he is a qualified individual with a disability and that he was excluded from a public entity's programs or activities, Title II requires an additional showing that such exclusion was "by reason of [his] disability." *Lovell*, 303 F.3d at 1052. Here, while Plaintiff alleges in the SAC that he suffers from PTSD, the record is bereft of any evidence that Plaintiff communicated this diagnosis or its disabling limitations to Defendants. There is also no evidence that Plaintiff requested any specific accommodations to compensate for his alleged disability. ECF No. 153 at 29-30. Aside from conclusory allegations in the SAC, Plaintiff has not provided any evidence to raise an issue of fact that Defendants were aware that Plaintiff is disabled, other than the fact that Plaintiff was once a member of OCAC.

Plaintiff now argues that Defendants' response to his disruptive behavior was in fact a discriminatory response to a manifestation of his disability. ECF No. 167. However, Plaintiff's own allegations regarding his disability bar any reasonable inference that Defendants' actions

were made by reason of Plaintiff's disability. Addressing his disability and its manifestations, Plaintiff alleges in the Seventh Amended Complaint:

> Though complex and impairing … [Plaintiff's] disabling condition is not such that his disability creates extreme or overt behaviors, *nor renders him unable to conduct himself calmly and responsibly*, make judgments, carry on reasoned conversations, engage in analytical and otherwise civilized social discourse, and advocate in an organized and logically consistent manner … *Plaintiff did and does not behave and/or communicate differently than the population of undiagnosed individuals.*

SAC at ¶¶ 31, 33 (emphasis added). Plaintiff's allegations thus rule out any factual question as to whether Plaintiff's disruptive behavior was due to his alleged disability. On this record, there is no evidence that (1) Plaintiff's disruptive behavior was caused by his alleged disability or (2) that Defendants' responses to Plaintiff's performance and behavior as co-chair of AMHPAC were "by reason of" Plaintiff's disability. On this record, Plaintiff's Title II claim fails as a matter of law because there is no genuine issue of material fact as to whether any exclusion or adverse action Plaintiff suffered was "by reason of [his] disability." *See Lovell*, 303 F.3d at 1052.

## II.     Retaliation Claim

Plaintiff's Seventh Amended Complaint also appears to allege a Title V claim of retaliation under the ADA, contending that Defendants removed Plaintiff from OCAC and AMHPAC and refused to reinstate him because he complained about OHA policies and advocated for the disabled. Defendants argue that Plaintiff's retaliation claim fails as a matter of law because (1) Plaintiff cannot make out a prima facie case showing a causal link between his request or complaint and his removal from the committees; and (2) Defendants had a legitimate nondiscriminatory reason for removing and then refusing to reinstate Plaintiff to the committees.

### A. Prima Facie Case of Retaliation

In the absence of direct evidence of retaliation, a claimant may rely on the burden-shifting framework used for proving discrimination claims under Title VII as articulated

in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973). *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000) (*en banc*) (adopting Title VII framework to analyze ADA retaliation claim). Under the *McDonnell Douglas* burden-shifting framework, the claimant must first establish a prima facie case of retaliation. The burden then shifts to the defendant to set forth a legitimate, non-retaliatory reason for the actions taken. If the defendant does so, the plaintiff must show that the defendant's proffered reason is a pretext for retaliation. *See McDonnell Douglas,* 411 U.S. at 802–04.

To state a prima facie case of retaliation under the ADA, a claimant must show that (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) there exists a causal connection between the protected activity and the adverse employment action. *See Pardi v. Kaiser Found. Hosp.,* 389 F.3d 840, 849 (9th Cir. 2004). Here, Plaintiff has alleged that he engaged in protected activity by criticizing OHA staff for their failure to incorporate and support peer workers in State mental health services, and attempting to redirect committee meetings to address issues about inclusion and peer participation. Plaintiff has also shown – and Defendants do not challenge – that he suffered an adverse action in the rejection of his applications to rejoin OCAC and AMHPAC. Finally, Plaintiff has provided evidence to support an inference that Plaintiff was removed and later denied re-entry to OCAC and AMHPAC because he opposed acts or practices made unlawful by the ADA. Specifically, Plaintiff has provided evidence to support an inference that his advocacy for peer inclusion within mental health services for the mental health disabled population was a but-for cause of Defendants' adverse actions. *See* SAC ¶¶ 61-64. Plaintiff has therefore stated a prima facie case of retaliation under the ADA. *See Brooks v. Capistrano Unified Sch. Dist.*, 1 F.Supp.3d 1029, 1035-36 (C.D. Cal. 2014).

### B. Legitimate, Nondiscriminatory Reason

Once a claimant has made out a prima facie case of retaliation, the burden shifts to the defendants to show a legitimate, non-retaliatory reason for the challenged action. *McDonnell Douglas*, 411 U.S. at 802-04. Defendants argue that any adverse actions against Plaintiff were made for non-discriminatory reasons: that Plaintiff was ineffective in his job as co-chair of the AMHPAC Housing/Olmstead Subcommittee and was continually rude or disruptive to OHA staff and other committee members. Defendants have therefore met their burden to show a legitimate, non-retaliatory reason which can be defeated by a showing of pretext. *Id.* at 802-04; *Brooks*, 1F.Supp.3d at 1038.

To defeat summary judgment with a showing of pretext, a claimant must demonstrate that: (1) the defendant's proffered reason is unworthy of credence; or (2) retaliation was the more likely motivation. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63 (9th Cir. 2002). Here, viewing the facts in the light most favorable to Plaintiff, Plaintiff has provided sufficient evidence to support a reasonable inference that Defendants' proffered reasons are unworthy of credence. A reasonable factfinder could conclude from the record that Plaintiff's opposition to Defendants' exclusion of peer support workers from OHA facilities and services, while vehement and disruptive, was the underlying cause of Plaintiff's rejection from the OCAC and OMHPAC committees. There is evidence in the record to suggest that Plaintiff's allegedly disruptive behavior was, in fact, advocacy designed to oppose actions by Defendants that Plaintiff believed to be contrary to the ADA and to federal and state laws. *See* SAC at ¶ 64. Because there is a genuine issue of fact as to whether Defendants removed and refused to readmit Plaintiff from OCAC and OMHPAC because of his vocal opposition to OHA policies, Defendants' motion for summary judgment on Plaintiff's retaliation claim is denied.

### III.     Remaining Claims

Defendants also argue that Plaintiff's Second, Third, and Fourth Claims are barred by claim preclusion. Claim preclusion bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id*. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (2002).

In its order reversing and remanding this Court's dismissal of Plaintiff's ADA claim, the Ninth Circuit noted that "Ewbank does not appeal the district court's dismissal of his other claims." ECF No. 91 at 1-2. In his Response brief, Plaintiff also notes that "[t]he alleged facts in the [SAC] are substantially the same as the events specified in the earlier iterations" of his amended complaints. ECF No. 167-1 at 9. Therefore, Plaintiff's additional SAC claims arise out of the "same transactional nucleus of facts" as his previous complaints. *Owens v. Kaiser Foundation Health Plan*, Inc. 244 F.3d 708, 714 (9th Cir. 2001) (There is an identity of claims when the two actions arise out of the "same transactional nucleus of facts"). On this record, all of Plaintiff's claims other than his claims made under the ADA remain dismissed with prejudice and are barred by claim preclusion. *See* ECF No. 85.

### CONCLUSION

For the reasons above, Defendants' motion for summary judgment (ECF No. 153) is GRANTED IN PART. Plaintiff's motion for summary judgment (ECF No. 175) is DENIED. Plaintiff's motion objecting "to the failure of the Court[']s pro bono program" (ECF No. 167) is DENIED. Plaintiff's motion to stay the case pending Plaintiff's retention of counsel (ECF No.

179) is DENIED as moot. With the exception of his retaliation claim under the ADA, Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 11th day of August 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
