UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ROBERT DRAKE EWBANK,                                  Case No. 6:17-cv-00187-MK

                    Plaintiff,                        **OPINION AND ORDER**

vs.

JEFF EMRICK *et al.*,

                    Defendants.
_____

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff R. Drake Ewbank ("Plaintiff") filed this action against Defendants in 2017,

alleging multiple claims including violations of the Americans with Disabilities Act ("ADA").

On August 11, 2023, this Court issued an Opinion and Order granting in part Defendants'

summary judgment motion. One of Plaintiff's claims survived summary judgment. ECF No. 187.

On August 29, 2023, this Court issued an Opinion and Order (ECF No. 194) granting

Defendants' motion for reconsideration (ECF No. 189) and on reconsideration granted summary

judgment against Plaintiff on that one remaining claim. Plaintiff subsequently filed objections to the Order (ECF No. 196), supplemental objections (ECF No. 197), a motion to strike misfiled response documents (ECF No. 198), and another motion to set aside the Court's judgment (ECF No. 199). For the reasons below, Plaintiff's objections and motions are denied. Plaintiff's motion to strike (ECF No. 198) is denied as moot.

## LEGAL STANDARDS

A district court is permitted to reconsider and amend a previous order pursuant to Fed. R. Civ. P. 59(e). A motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kana Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Fed. R. Civ. P. 60(a) provides that a court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed R. Civ. P. 60(b) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

**DISCUSSION**

Plaintiff presents eight separate objections to the Court's Order granting Defendants' motion for summary judgment. ECF Nos. 196, 197. The Court construes these objections as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b). Plaintiff also filed a Rule 60 motion "as facts are not in the record that should have been allowed in the record based on the electronic case filing (ECF) system being unavailable to the Plaintiff, which has prejudiced the decision as well as any arguments that Plaintiff makes on the evidence." ECF No. 196 at 1-2; ECF No. 199. Plaintiff successfully completed filing of his exhibits to ECF on October 20, 2023 (ECF Nos. 200-211, 213-214).

Upon careful review of Plaintiff's exhibits, objections, and motions, the Court finds no reason to disturb its Opinion and Order of August 29, 2023, granting summary judgment in Defendants' favor. Here, Plaintiff's motion and supplemental objection (ECF Nos. 196, 197) allege (1) "judicial caprice" on the part of Judges Russo and McShane; (2) a failure to appropriately weigh the evidence in the light most favorable to Plaintiff; (3) a misreading of the Ninth Circuit's order on Plaintiff's appeal; (4) that res judicata does not apply to Plaintiff's unappealed claims; (5) that Defendants have not met the summary judgment standard; (6) a second allegation that the Court did not weigh the evidence in the light most favorable to Plaintiff; (7) that Plaintiff was unable to upload his exhibits to ECF; and (8) that the Court erroneously referred to ECF No. 175, a response Plaintiff apparently uploaded in error that also asserted a motion for summary judgment.

Plaintiff's objections are not supported by legal argument. To the extent that Plaintiff refers to evidence in the record, that evidence was reviewed and discussed in the Court's Orders (ECF Nos. 187, 194) and Plaintiff has provided no reason to amend the Court's Order based on

the grounds for relief from judgment enumerated in Rules 59, 60(a) or (b). For these reasons, Plaintiff's motions for reconsideration (ECF Nos. 196, 197) are denied.

Plaintiff's Motion to Set Aside Judgment (ECF No. 199) fails for similar reasons. Despite his successful submission of eleven additional exhibits, Plaintiff's motion presents no legal argument and points to no disputed facts in the record that would refute Defendants' arguments and disturb the Court's Opinion and Order.

Finally, Plaintiff's motion to strike (ECF No. 198) is denied as moot. The motion to strike argues that Plaintiff's motion in opposition to Defendants' motion for summary judgment (ECF No. 175) was filed in error and that it should be stricken from the record "due to the consideration of the Court being unnecessarily confused in designating what was the Response of the Plaintiff which is at ECF #176." ECF No. 198 at 1. The Court has reviewed Plaintiff's "Memorandum in Opposition to the Defendant's Motion for Summary Judgment" (ECF No. 176) and finds that, in addition to exceeding the page limit set forth in LR-2, it does not substantially differ from the motion (ECF No. 175) uploaded in error with respect to legal or factual arguments. For these reasons, the Court's citation to Plaintiff's motion (ECF No. 175) did not affect the ultimate dismissal of Plaintiff's claims, and Plaintiff's motion to strike is denied as moot.

//

//

//

//

//

//

**CONCLUSION**

For the reasons above, Plaintiff's objections to the Order (ECF No. 196) and

supplemental objections (ECF No. 197) are DENIED. Plaintiff's motion to set aside the Court's

Opinion and Order of August 29, 2023 (ECF No. 199) is DENIED. Plaintiff's motion to strike

misfiled response documents (ECF No. 198) is DENIED as moot.

IT IS SO ORDERED.

DATED this 24th day of October 2023.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge